# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CEDAR RAPIDS DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

vs.

CHEYENNE GONZALES,

    Defendant.

No. 00-CR-0067-LRR

**ORDER**

_____

    This matter came before me on April 24, 2017, for a detention hearing pending a final hearing on the Government's Petition to Revoke Supervision (Docs. 253, 262). Special Assistant United States Attorney Ajay Alexander appeared on behalf of the Plaintiff (the Government). Defendant Cheyenne Gonzales appeared in person and with his attorney, Douglas Roehrich. Trevor Risdale, from Dismas Charities, Inc., RRC, testified on behalf of the Government. Defense counsel proffered information without objection. At the request of counsel, I also considered information contained in the First Supplemental and Substituted Petition to Revoke Supervision (Doc. 262) (Petition), and the Presentence Investigation Report (Doc. 263-1) (PSR).

    The provisions of 18 U.S.C. § 3143(a) govern release or detention pending supervised release revocation hearings. Fed. R. Crim. P. 46(d). I must order Defendant be detained unless I find by clear and convincing evidence that he is not likely to flee or pose a danger to another or to the community. 18 U.S.C. § 3143(a).

Defendant bears the burden of showing by clear and convincing evidence that he does not pose those risks. Fed. R. Crim. P. 32.1(a)(6).

I find that Defendant has not met this burden. The alleged supervision violations involve failure to follow rules and directives of the court, United States Probation, and the residential reentry center (RRC). Risdale testified about Defendant's rude behavior with RRC staff and his failure to follow rules. In particular, Risdale testified that when confronted by an employee about a rule violation, Defendant responded that the employee "doesn't know who she is messing with," which could reasonably be considered a threatening statement. Defendant also said no one was going to "make him shut up" and he was not going to shut his mouth. Defendant took issue with having to register as a sex offender by saying, in regards to his conviction involving the gang rape of a fifteen-year-old (Doc. 263-1, ¶ 57), that all he did was "run the train" on the victim and that everyone was doing it. While the alleged violations do not involve Defendant absconding or acting with violence, they occurred within two weeks of his release from incarceration and demonstrate his unwillingness to follow rules and conditions. I noted that Defendant previously violated supervised release conditions in 2016, which causes further concern about his ability to abide by conditions of release.

I also considered the nature of Defendant's underlying convictions, which involved drug distribution and illegal firearms possession. The nature of these convictions, especially in light of Defendant's alleged failure and resistance to participate in drug treatment and testing, cause me concern that he may use controlled substances and thereby pose a danger to the community. I also considered Defendant's significant criminal history, which while dated, spans numerous years and includes several convictions for violent crimes. Defendant's criminal history also demonstrates his disregard for the

law.  For all of these reasons, I find that Defendant poses a danger to others and the community.

I also find that Defendant poses a risk of flight based on his failure to follow conditions and prior violations of court-imposed supervision (Doc. 263-1).  I could perhaps address the risk of flight through use of electronic monitoring.  It appears, however, that there are issues with where Defendant would reside.  Defense counsel proffered that Defendant could reside with his aunt in Cedar Rapids, Iowa.  I have no further information about the aunt or the suitability of Defendant living at her residence.  Considering Defendant was not able to remain at the RRC for longer than two weeks due to rules violations, I do not find that his living with an unknown aunt is a suitable condition of release.  Based on this record, I find that Defendant has failed to show by clear and convincing evidence that he is not likely to flee and that he does not pose a danger to another or to the community.

For the reasons set forth above and during the hearing on April 24, 2017, I hereby **grant** the Government's motion for detention, and ORDER that defendant be detained pending the final revocation hearing.

If either party seeks further review or appeals this order, the party requesting a change in the original order *must* attach a copy of the detention order to the appeal and promptly secure a transcript.

**IT IS SO ORDERED** this 26th day of April, 2017.

_____
Kelly K.E. Mahoney
United States Magistrate Judge
Northern District of Iowa